ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 03 2022

at___o'clock and___min. _P_ M
CLERK, U.S. DISTRICT COURT

1  TA Chey, State Bar No. 172096 (In Pro Per)
2  Attorney at Law (Member of the California Bar)
3  1420 Victoria St; Suite 804
4  Honolulu, HI 96822
5  Telephone: 424 388 0058
6  Email: lawfirmofconsumerjustice@activist.com
7
8
9              IN THE UNITED STATES DISTRICT COURT
10                  IN THE STATE OF HAWAII
11
12                                   )  Case No. **CV 22   00204** DKW  WRP
13                                   )
14                                   )  **COMPLAINT FOR DAMAGES –**
15  TA Chey,                         )  **DEMAND FOR A JURY TRIAL**
16          Plaintiff,               )
17      vs.                          )
18                                   )  1)  **PRIVATE NUISANCE**
19  YHB HOSPITALITY GROUP, INC,      )  2)  **PUBLIC NUISANCE**
20  HAWAII KAI GOLF COURSE, YHB      )  3)  **TRESPASS**
21  HAWAII KAI, LLC, DOES 1-10,      )  4)  **VIOLATION OF HRS §711-1101 –**
22                                   )      **OFFENSIVE AND RECKLESS**
23          Defendants               )      **CONDUCT**
24                                   )  5)  **NEGLIGENT INFLICTION OF**
25                                   )      **EMOTIONAL DISTRESS**
26                                   )  6)  **VIOLATION OF HRS § 46-17**
27                                   )  7)  **VIOLATION OF THE HAWAII**
28                                   )      **STATE CONSITITUION**
                                     )      **ARTICLE XI, SEC 9**
                                     )  8)  **FRAUD AND DECEIT**
                                     )  9)  **INTENTIONAL CIVIL AIDING**
                                     )      **AND ABETTING**
                                     )  10) **CIVIL CONSPIRACY**
                                     )  11) **BREACH OF THE COVENANT**
                                     )      **OF QUIET ENJOYMENT**
                                     )  12) **BREACH OF DUTY OF CARE**
                                     )  13) **VIOLATION OF RICO STATUTE**
                                     )  14) **TRO / INJUNCTION**
                                     )  15) **WRIT OF ATTACHMENT**
                                     )  16) **PUNITIVE DAMAGES**
                                     )

**DEMAND FOR A JURY TRIAL**

Chey vs. YHB Hospitality Group - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff, an individual, as for his Complaint against DEFENDANTS **YHB**

**HOSPITALITY GROUP, HAWAII KAI GOLF COURSE, YHB HAWAII KAI, LLC,**

**DOES 1-10**, inclusive demands a jury trial and alleges as follows:

## JURISDICTION AND VENUE

1) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1391(b)(2), because a substantial part of the events or omissions giving rise to the claim

set forth in this action occurred within this district.

2) The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332 inasmuch as the Plaintiff is a resident of the state of Hawaii asserting damages in

this complaint in excess of $75,000.00 and one of the Defendants is a California

Corporation.

3) This Court has personal jurisdiction over the parties in this action inasmuch as the

Defendant is a corporation that is authorized to conduct business within the jurisdictional

district of this court and it has intentionally availed itself of the laws and markets of

herein through promotion, marketing, and operation of its apartment properties within

this state.

4) Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a

substantial part of the events omissions giving rise to the Plaintiffls claims occurred in

this District. Venue is also proper pursuant to 18 U.S.C. § 1965(a), inasmuch as

Defendant transacts a substantial amount of business in this District.

5) At all times material hereto, Defendant was acting individually and/or through its agents,

servants, and employees who were acting on its behalf and with the scope and course of

Chey vs. YHB Hospitality Group - 2

its authority and employment.

6) Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was, at all times herein mentioned, the agent, lessee, resident, family member, or tenant of and acting within the course and scope of such relationship. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the illegal acts alleged herein to each of the remaining Defendants.

7) The true names and capacities of Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore sues said Defendants by fictitious names pursuant to Hawaii Revised Statute (HRS). Plaintiff will amend this Complaint to show such true names and capacities of Does 1 through 20, inclusive, when they have been determined.

## **INTRODUCTION**

8) Noise pollution is the #1 problem facing all Hawaii residents and it's growing worse according to several studies.

9) Like frogs in hot water, Hawaii residents are becoming desensitized in dangerous ways to:

   a. Loud, Ear-Splitting car and moped mufflers at all hours;

   b. Loud, Ear-Splitting illegal gas leaf blowers at all hours;

   c. Loud, Ear-Splitting Illegal gardening at all hours at all hours.

10) Hawaii residents have reached the breaking point with noise pollution these days. They are extremely frustrated, lost, and angered. Noise pollution is the #1 problem facing all communities according to several polls. This case takes noise pollution to a new, horrific

low. It is based on a true story. Plaintiff believes it's time to fight back in the courts and prays for justice in the courts and in front of a fair jury and an honorable Judge.

11) The EPA states that noise pollution adversely affects the lives of millions of people. *Studies have shown that there are direct links between noise and health. Problems related to noise include stress related illnesses, high blood pressure, speech interference, hearing loss, sleep disruption, and lost productivity.* Exposure to constant or high levels of noise can cause countless adverse health effects.

11) Defendant's decision to persist in causing this continuing nuisance at Plaintiffs' home constitutes a willful, reckless, careless, wanton and wholly intentional violation of the right of the Plaintiffs to the quiet use and enjoyment of their home. They were warned and scoffed at the laws and ordinances of Hawaii courts, the Hawaii Health Dept, and the Hawaii legislature.

12) **Living in peace and quiet in the morning is a HUMAN RIGHT.**

13) Defendants YHP Hospitality Group – based in California – and Defendant Hawaii Kai Golf Course have brazenly violated every conceivable noise pollution by starting their loud mowers at 5:50 am to 6:45 am in complete violation of the laws and ordinances of the HRS, Hawaii Dept. of Health, the Hawaii Constitution, and the Honorable Hawaii court decisions.

14) **Defendants do this every single morning. Without repentance. Without a single concern about the neighbors.**

15) IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just the sounds of quiet wisps of wind – then suddenly at 6 am – **LOUD, EAR-SPLITTING noise** from the gas-powered lawn mowers and other equipment begin.

16) Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April 30, 2022 with Officer Thom in District 7.

17) Yet Defendants brazenly continued violating the laws.

18) Plaintiffs have gun-smoking evidence of this in the form of videos taken and will introduce them to the Court during discovery or during the Ex Parte hearings and preliminary injunction and again asks the Court to SEVERELY sanction Defendants for ignoring Plaintiff's requests to resolve this outside the Court.

19) Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney and faith-based film producer.

20) Defendants have violated several ordinances from both the Hawaii legislature and the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of the state or the elderly people who are bullied every single morning.

21) Plaintiff reminds the Honorable Court that there are elderly residents in the Koko Kai Villas and surrounding homes around the golf course that are disturbed by this horrific noise.

22) Defendants have completely IGNORED all requests for resolution and now waste the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an injunction placed as a deterrent to this continued behavior from noise terrorists on this beautiful island.

23) The Hawaii State Department of Health defines maximum permissible sound levels in Hawaii for both day and night as follows:

- **conservation or residential zones – 55 decibels day, 45 decibels night;**
- apartments or businesses zones – 60 decibels day, 50 decibels night;

- agricultural or industrial zones – 70 decibels day, 70 decibels night.

24) **The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by sound meters).**

25) Furthermore, the gas and fumes emitted are also illegal.

26) Regarding pollution control, the Hawaii State Constitution, Article XI, Sec. 9, Environmental Rights, says in part, "Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution … " Hawaii Revised Statutes, §342F-3, says in part, " … the director (of the DOH) shall prevent, control, and abate noise pollution in the State."

27) As a direct and proximate result of the wanton, reckless, and intentional conduct of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and enjoyment of their property, including but not limited to the following:

    a.   Loss of the quiet use and enjoyment of their home;

    b.   Anxiety and stress from the circumstances resulting from the noise intrusion by Defendant's operations;

    c.   Being forced from their home to conduct regular business activities such as phone calls, emails, prayers, or other home based business operations;

    d. Being prevented from using their deck or outdoor space for any period of time when gas-powered equipment is occurring due to unrelenting loud noise and vibration;

    e. Being subjected to constant vibrations of their home;

    f. Being subjected to unrelenting noise pollution as depicted in the annexed video and others like them;

g. Being subjected to days of unrelenting noise pollution seven days a week during early morning and daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise ordinances by Defendants, where Defendants clearly have no interest in complying with local laws.

28) As a direct and proximate result of the conduct of the Defendant, the Plaintiffs have suffered persistent noise pollution of both the interior of their home and their exterior yard. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars,

    a.   together with costs, punitive damages and any other relief the Court deems appropriate.

29) Plaintiff and his wife now have to move from the house they just moved into which is a total and complete nightmare. Plaintiff is owed at least $240,000 in damages for moving.

30) Plaintiff is a staunch leader in consumer advocacy.

31) Plaintiff is filing this case to protect innocent people from having to go through what he endured.

# COUNT 1
## PRIVATE NUISANCE

32) The preceding paragraphs are incorporated by reference herein.

33) As a result of the aforementioned acts, Defendant has created a private nuisance

condition.

*34)* A private nuisance is an interference with a person's enjoyment and use of the land. The law recognizes that landowners, or those in rightful possession of the land, have the right to enjoyment of their land free from disturbances that impair the enjoyment in any way.

*35)* The acts complained of above constitute a nuisance within the meaning of the HRS §521-42 and Hawaii Admin Rules §12-46-6. Defendants had a legal duty to Plaintiff to use due care to prevent and abate said nuisance. By committing the acts and omissions complained of above, Defendants breached that duty.

36) Plaintiff have suffered harm from this nuisance while exercising the right common to the general public, in the form of:

      a. The right to clean air and quiet in the morning, and the preservation of the natural, scenic, historic and aesthetic values of the environment under the Hawaii Health code/manual

    b. the right to exclusive possession and use of their property.

37) Plaintiffs suffered harm of a kind different from that suffered by other members of the public, in the form of:

      a. interference with the use and enjoyment of their Property due to the existence of the noise pollution and gas emissions, and its migration into their home due to Defendant's failure to properly respond to and remediate the noise pollution.

38) Defendant's aforementioned acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

39) Plaintiffs were significantly exposed to known and proven hazardous noise pollution through the acts and omissions of Defendants.

40) WHEREFORE, Plaintiffs demand judgment of liability against Defendant, compensatory damages for personal injury, compensatory damages for harms to real and personal property, compensatory damages for diminution in property value, punitive damages, costs of litigation including but not limited to attorneys fees, engineering fees, expert witness fees, and interest and delay damages, and any other relief the Court deems appropriate.

41) Plaintiff also seeks an emergency TRO /Preliminary injunction to prevent Defendant from continuing to disrupt Plaintiff's quiet enjoyment of his house.

42) As a further proximate result of the wrongful conduct of Defendants, Plaintiffs suffered a horrendous financial loss to his person and business and has been damaged in an aggregate amount to be determined at trial, in excess of the jurisdictional minimum of this court.

# COUNT 2
## PUBLIC NUISANCE

43) The preceding paragraphs are incorporated by reference herein.

44) Plaintiff have a possessory interest in the residences.

45) By knowingly and recklessly allowing loud noise near Hole 14 of Plaintiff's home, and by willfully failing and refusing to take reasonable measures to resolve said water contamination and to bring the units into a habitable condition, Defendants substantially and unreasonably interfered with Plaintiffs' and Class members' use and enjoyment of their homes.

46) The conduct of Defendants as described herein was knowing, willful, wanton,

reckless, and/or grossly negligent, and demonstrates a conscious disregard for the rights of others.

47) Plaintiff is therefore entitled to an award of punitive damages in an  amount to be proved at trial that is sufficient to adequately punish Defendants given their financial condition and to deter them from such conduct in the future. Plaintiff has notified Defendant of the disturbance. Nevertheless, Defendant has failed and or refused to resolve the issue resulting in the plaintiff being forced to leave the premises and seek other residential living arrangements.

48) As a direct and proximate result of the Defendant's acts and omissions, Plaintiff sustained damages in the sum in excess of $75,000.00, plus prejudgment interest at the legal rate of 10% per annum. They will now have to pay $240,000 to move to another home which is tragic.

49) As a result of the aforementioned acts, Defendant has created a public nuisance condition.

50) Plaintiff have suffered harm from this nuisance while exercising the right common to the general public, in the form of:

a. The right to clean air, quiet, and the preservation of the natural, scenic, historic and aesthetic values of the environment under the Hawaii Revised Statutes;

c.   the right to exclusive possession and use of their property.

51) Plaintiffs suffered harm of a kind different from that suffered by other members of the public, in the form of:

a. interference with the use and enjoyment of their Property due to the existence of the noise pollution, and its migration into their home due to Defendant's

failure to properly respond to and remediate the noise pollution.

52) Defendant's aforementioned acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

53) Plaintiffs were significantly exposed to known and proven hazardous noise pollution through the acts and omissions of Defendants.

54) WHEREFORE, Plaintiffs demand judgment of liability against Defendant, compensatory damages for personal injury, compensatory damages for harms to real and personal property, compensatory damages for diminution in property value, punitive damages, costs of litigation including but not limited to attorneysfees, engineering fees, expert witness fees, and interest and delay damages, and any other relief the Court deems appropriate.

# COUNT 3
# <u>TRESPASS</u>

55) The preceding paragraphs are incorporated by reference herein.

56) Defendants, its agents, servants, and/or employees knowingly, recklessly and negligently caused the disruption of Plaintiffs use and enjoyment of their property, as detailed above and specifically by causing offensive noise pollution to continue for a period of years.

57) Defendant's aforesaid acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

58) WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any further relief the Court deems appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COUNT 4
# <u>VIOLATION OF HRS §711-1101 – OFFENSIVE AND RECKLESS CONDUCT</u>

59) The preceding paragraphs are incorporated by reference herein.

60) Hawaii Revised Statute **§711-1101 reads:**

> **§711-1101 Disorderly conduct.** (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
>
> (a) Engages in fighting or threatening, or in violent or **tumultuous behavior;**
>
> (b) **Makes unreasonable noise;**
>
> (c) Subjects another person to offensively coarse behavior or abusive language which is likely to provoke a violent response;
>
> (d) Creates a hazardous or physically offensive condition by any act which is not performed under any authorized license or permit; or
>
> (e) Impedes or obstructs, for the purpose of begging or soliciting alms, any person in any public place or in any place open to the public.
>
> (2) **Noise is unreasonable**, within the meaning of subsection (1)(b), if considering the nature and purpose of the person's conduct and the circumstances known to the person, including the nature of the location and the time of the day or night, the person's conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation; or the failure to heed the admonition of a police officer that the noise is unreasonable and should be stopped or reduced.

The renter, resident, or owner-occupant of the premises who knowingly or negligently consents to unreasonable noise on the premises shall be guilty of a noise violation.

61) Defendants YHP Hospitality Group – based in California – and Defendant Hawaii Kai Golf Course have brazenly violated every conceivable noise pollution by starting their loud mowers at 5:50 am to 6:45 am in complete violation of the laws and ordinances of the HRS, Hawaii Dept. of Health, the Hawaii Constitution, and the Honorable Hawaii court decisions.

62) **Defendants do this every single morning. Without repentance. Without a single concern about the neighbors.**

63) IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just the sounds of quiet wisps of wind – then suddenly at 6 am – **LOUD, EAR-SPLITTING noise** from the gas-powered lawn mowers and other equipment begin.

64) Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April 30, 2022 with Officer Thom in District 7.

65) Yet Defendants brazenly continued violating the laws.

66) Plaintiffs have gun-smoking evidence of this in the form of videos taken and will introduce them to the Court during discovery or during the Ex Parte hearings and preliminary injunction and again asks the Court to SEVERELY sanction Defendants for ignoring Plaintiff's requests to resolve this outside the Court.

67) Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney and faith-based film producer.

68) Defendants have violated several ordinances from both the Hawaii legislature and the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of the state or the elderly people who are bullied every single morning.

69) Plaintiff reminds the Honorable Court that there are elderly residents in the Koko Kai Villas and surrounding homes around the golf course that are disturbed by this horrific noise.

70) Defendants have completely IGNORED all requests for resolution and now waste the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an

injunction placed as a deterrent to this continued behavior from noise terrorists on this beautiful island.

71) The Hawaii State Department of Health defines maximum permissible sound levels in Hawaii for both day and night as follows:

- **conservation or residential zones – 55 decibels day, 45 decibels night;**
- apartments or businesses zones – 60 decibels day, 50 decibels night;
- agricultural or industrial zones – 70 decibels day, 70 decibels night.

72) **The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by sound meters).**

73) Furthermore, the gas and fumes emitted are also illegal.

74) Regarding pollution control, the Hawaii State Constitution, Article XI, Sec. 9, Environmental Rights, says in part, "Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution ... " Hawaii Revised Statutes, §342F-3, says in part, " ... the director (of the DOH) shall prevent, control, and abate noise pollution in the State."

75) As a direct and proximate result of the wanton, reckless, and intentional conduct of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and enjoyment of their property, including but not limited to the following:

a.  Loss of the quiet use and enjoyment of their home;

b.  Anxiety and stress from the circumstances resulting from the noise intrusion by Defendant's operations;

c.  Being forced from their home to conduct regular business activities such as

phone calls, emails, prayers, or other home based business operations;

d. Being prevented from using their deck or outdoor space for any period of time when gas-powered equipment is occurring due to unrelenting loud noise and vibration;

e. Being subjected to constant vibrations of their home;

f. Being subjected to unrelenting noise pollution as depicted in the annexed video and others like them;

g. Being subjected to days of unrelenting noise pollution seven days a week during early morning and daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise ordinances by Defendants, where Defendants clearly have no interest in complying with local laws.

76) As a direct and proximate result of the conduct of the Defendant, the Plaintiffs have suffered persistent noise pollution of both the interior of their home and their exterior yard. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars,

    d.  together with costs, punitive damages and any other relief the Court deems appropriate.

77) Plaintiff and his wife now have to move from the house they just moved into which is a total and complete nightmare.

78) Defendant's aforesaid acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

79) WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any further relief the Court deems appropriate.

## COUNT 5
## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

80) Plaintiff repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

81) The negligent acts of Defendant averred herein resulted in noise pollution of the Plaintiffs Property and into Plaintiffs' house.

82) Defendant's aforesaid acts and or omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs, in light of the fact that Defendant was repeatedly placed on notice, repeatedly fined, and repeatedly persisted in its activities despite repeated findings that it had violated the law.

83) Plaintiffs were exposed to hazardous noise pollution at concentrations above applicable state and/or local standards, through the acts and or omissions of Defendant.

84) Defendants YHP Hospitality Group – based in California – and Defendant Hawaii Kai Golf Course have brazenly violated every conceivable noise pollution by starting their loud mowers at 5:50 am to 6:45 am in complete violation of the laws and ordinances of

the HRS, Hawaii Dept. of Health, the Hawaii Constitution, and the Honorable Hawaii

court decisions.

85) **Defendants do this every single morning. Without repentance. Without a single concern about the neighbors.**

86) IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just the sounds of quiet wisps of wind – then suddenly at 6 am – **LOUD, EAR-SPLITTING noise** from the gas-powered lawn mowers and other equipment begin.

87) Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April 30, 2022 with Officer Thom in District 7.

88) Yet Defendants brazenly continued violating the laws.

89) Plaintiffs have gun-smoking evidence of this in the form of videos taken and will introduce them to the Court during discovery or during the Ex Parte hearings and preliminary injunction and again asks the Court to SEVERELY sanction Defendants for ignoring Plaintiff's requests to resolve this outside the Court.

90) Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney and faith-based film producer.

91) Defendants have violated several ordinances from both the Hawaii legislature and the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of the state or the elderly people who are bullied every single morning.

92) Plaintiff reminds the Honorable Court that there are elderly residents in the Koko Kai Villas and surrounding homes around the golf course that are disturbed by this horrific noise.

93) Defendants have completely IGNORED all requests for resolution and now waste the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an injunction placed as a deterrent to this continued behavior from noise terrorists on this beautiful island.

94) The Hawaii State Department of Health defines maximum permissible sound levels in Hawaii for both day and night as follows:

- **conservation or residential zones – 55 decibels day, 45 decibels night;**
- apartments or businesses zones – 60 decibels day, 50 decibels night;
- agricultural or industrial zones – 70 decibels day, 70 decibels night.

95) **The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by sound meters).**

96) Furthermore, the gas and fumes emitted are also illegal.

97) Regarding pollution control, the Hawaii State Constitution, Article XI, Sec. 9, Environmental Rights, says in part, "Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution … " Hawaii Revised Statutes, §342F-3, says in part, " … the director (of the DOH) shall prevent, control, and abate noise pollution in the State."

98) As a direct and proximate result of the wanton, reckless, and intentional conduct of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and enjoyment of their property, including but not limited to the following:

   a. Loss of the quiet use and enjoyment of their home;

   b. Anxiety and stress from the circumstances resulting from the noise intrusion by

Defendant's operations;

c. Being forced from their home to conduct regular business activities such as phone calls, emails, prayers, or other home based business operations;

d. Being prevented from using their deck or outdoor space for any period of time when gas-powered equipment is occurring due to unrelenting loud noise and vibration;

e. Being subjected to constant vibrations of their home;

f. Being subjected to unrelenting noise pollution as depicted in the annexed video and others like them;

g. Being subjected to days of unrelenting noise pollution seven days a week during early morning and daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise ordinances by Defendants, where Defendants clearly have no interest in complying with local laws.

99) Plaintiff and his wife now have to move from the house they just moved into which is a total and complete nightmare.

100)    Defendant's aforesaid acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

101)    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000)

Dollars, together with costs, punitive damages and any further relief the Court deems

appropriate.

# COUNT 6
# <u>VIOLATION OF HRS § 46-17</u>

102)     Plaintiff repeats and realleges each and every allegation contained in paragraphs

above as if fully set forth herein.

103)     Hawaii Revised Statute §46-17 reads:

> **§46-17 Regulation of certain public nuisances.** Any provision of law to the contrary
> notwithstanding, the council of any county may adopt and provide for the
> enforcement of ordinances regulating or prohibiting noise, smoke, dust, vibration, or
> odors which constitute a public nuisance. No such ordinance shall be held invalid on
> the ground that it covers any subject or matter embraced within any statute or rule of
> the State; provided that in any case of conflict between a statute or rule and an
> ordinance, the law affording the most protection to the public shall apply, with the
> exception that:
>
> > (1) An ordinance shall not be effective to the extent that it is inconsistent with any
> > permit for agricultural burning granted by the department of health under
> > authority of chapter 342B, or to the extent that it prohibits, subjects to fine or
> > injunction, or declares to be a public nuisance any agricultural burning conducted
> > in accordance with such a permit; and
> >
> > **(2) An ordinance shall not be effective to the extent that it is inconsistent with
> > any noise rule adopted by the department of health under authority of
> > chapter 342F. [L 1974, c 158, §2; am L 1978, c 120, §1; am L 1994, c 5, §1;
> > am L 1999, c 265, §2] [Bolding mine]**

104)     The negligent acts of Defendant averred herein resulted in noise pollution of the

Plaintiffs Property and into Plaintiffs' house.

105)     <u>Clearly Defendants violate the Department of Health's guidelines with impunity.</u>

The Department's guidelines overrule any noise ordinance in place.

106)     Defendant's aforesaid acts and or omissions were committed in wanton, reckless

and outrageous disregard for the rights, safety and health of Plaintiffs, in light of the fact

that Defendant was repeatedly placed on notice, repeatedly fined, and repeatedly

persisted in its activities despite repeated findings that it had violated the law.

107)     Plaintiffs were exposed to hazardous noise pollution at concentrations above

applicable state and/or local standards, through the acts and or omissions of Defendant.

108)     Defendants YHP Hospitality Group – based in California – and Defendant Hawaii

Kai Golf Course have brazenly violated every conceivable noise pollution by starting

their loud mowers at 5:50 am to 6:45 am in complete violation of the laws and ordinances

of the HRS, Hawaii Dept. of Health, the Hawaii Constitution, and the Honorable Hawaii

court decisions.

**109)     Defendants do this every single morning. Without repentance. Without a**

**single concern about the neighbors.**

110)     IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just

the sounds of quiet wisps of wind – then suddenly at 6 am – **LOUD, EAR-SPLITTING**

**noise** from the gas-powered lawn mowers and other equipment begin.

111)     Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April

30, 2022 with Officer Thom in District 7.

112)     Yet Defendants brazenly continued violating the laws.

113)     Plaintiffs have gun-smoking evidence of this in the form of videos taken and will

introduce them to the Court during discovery or during the Ex Parte hearings and

preliminary injunction and again asks the Court to SEVERELY sanction Defendants for

ignoring Plaintiff's requests to resolve this outside the Court.

114)     Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney

and faith-based film producer.

115)     Defendants have violated several ordinances from both the Hawaii legislature and

the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of

the state or the elderly people who are bullied every single morning.

116)     Plaintiff reminds the Honorable Court that there are elderly residents in the Koko

Kai Villas and surrounding homes around the golf course that are disturbed by this

horrific noise.

117)     Defendants have completely IGNORED all requests for resolution and now waste

the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an

injunction placed as a deterrent to this continued behavior from noise terrorists on this

beautiful island.

118)     The Hawaii State Department of Health defines maximum permissible sound

levels in Hawaii for both day and night as follows:

**119)     conservation or residential zones – 55 decibels day, 45 decibels night;**

120)     apartments or businesses zones – 60 decibels day, 50 decibels night;

121)     agricultural or industrial zones – 70 decibels day, 70 decibels night.

**122)     The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by**

**sound meters).**

123)     Furthermore, the gas and fumes emitted are also illegal.

124)     Regarding pollution control, the Hawaii State Constitution, Article XI, Sec. 9,

Environmental Rights, says in part, "Each person has the right to a clean and healthful

environment, as defined by laws relating to environmental quality, including control of

pollution ... " Hawaii Revised Statutes, §342F-3, says in part, " ... the director (of the DOH) shall prevent, control, and abate noise pollution in the State."

125)      As a direct and proximate result of the wanton, reckless, and intentional conduct of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and enjoyment of their property, including but not limited to the following:

   a.  Loss of the quiet use and enjoyment of their home;

   b.  Anxiety and stress from the circumstances resulting from the noise intrusion by Defendant's operations;

   c.  Being forced from their home to conduct regular business activities such as phone calls, emails, prayers, or other home based business operations;

   d. Being prevented from using their deck or outdoor space for any period of time when gas-powered equipment is occurring due to unrelenting loud noise and vibration;

   e. Being subjected to constant vibrations of their home;

   f. Being subjected to unrelenting noise pollution as depicted in the annexed video and others like them;

   g. Being subjected to days of unrelenting noise pollution seven days a week during early morning and daylight hours;

   h. Being subjected to unrelenting noise pollution in violation of local noise ordinances, with no known recourse;

   i. Being subjected to unrelenting noise pollution in violation of local noise ordinances by Defendants, where Defendants clearly have no interest in complying with local laws.

*126)*   Plaintiff and his wife now have to move from the house they just moved into which is a total and complete nightmare.

127)   Defendant's aforesaid acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

128)   WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their

favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any further relief the Court deems appropriate.

# COUNT 7
# <u>VIOLATION OF THE HAWAII STATE CONSITITUION ARTICLE XI, SEC 9</u>

129)   Plaintiff repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

**130)   The Hawaii State Constitution reads: the Hawaii State Constitution, Article XI, Sec. 9, Environmental Rights, says in part,**

> **<u>Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution … "</u>**
>
> **Hawaii Revised Statutes, §342F-3, says in part, " … the director (of the DOH) shall prevent, control, and abate noise pollution in the State."**

131)   Noise pollution is the #1 problem facing all Hawaii residents and it's growing worse.

132)     Like frogs in hot water, Hawaii residents are becoming desensitized in dangerous

ways to:

    a.  Loud, Ear-Splitting car and moped mufflers

    b.  Loud, Ear-Splitting illegal gas leaf blowers

    c.  Illegal gardening at all hours

133)     <u>Hawaii residents have reached the breaking point with noise pollution these days</u>.

They are extremely frustrated, lost, and angered. Noise pollution is the #1 problem facing

all communities according to several polls. <u>This case takes noise pollution to a new,

horrific low</u>. It is based on a true story. Plaintiff believes it's time to fight back in the

courts and prays for justice in the courts and in front of a fair jury and an honorable

Judge.

134)     The EPA states that noise pollution adversely affects the lives of millions of

people.

135)     <u>*Studies have shown that there are direct links between noise and health. Problems

related to noise include stress related illnesses, high blood pressure, speech interference,

hearing loss, sleep disruption, and lost productivity*</u>. Exposure to constant or high levels

of noise can cause countless adverse health effects.

11) Defendant's decision to persist in causing this continuing nuisance at Plaintiffs' home

constitutes a willful, reckless, careless, wanton and wholly intentional violation of the

right of the Plaintiffs to the quiet use and enjoyment of their home. They were warned

and scoffed at the laws and ordinances of Hawaii courts, the Hawaii Health Dept, and the

Hawaii legislature.

**136)     <u>Living in peace and quiet in the morning is a HUMAN RIGHT.</u>**

137)     Defendants YHP Hospitality Group – based in California – and Defendant Hawaii

Kai Golf Course have brazenly violated every conceivable noise pollution by starting

their loud mowers at 5:50 am to 6:45 am in complete violation of the laws and ordinances

of the HRS, Hawaii Dept. of Health, the Hawaii Constitution, and the Honorable Hawaii

court decisions.

**138)     Defendants do this every single morning. Without repentance. Without a**

**single concern about the neighbors.**

139)     IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just

the sounds of quiet wisps of wind – then suddenly at 6 am – **LOUD, EAR-SPLITTING**

**noise** from the gas-powered lawn mowers and other equipment begin.

140)     Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April

30, 2022 with Officer Thom in District 7.

141)     Yet Defendants brazenly continued violating the laws.

142)     Plaintiffs have gun-smoking evidence of this in the form of videos taken and will

introduce them to the Court during discovery or during the Ex Parte hearings and

preliminary injunction and again asks the Court to SEVERELY sanction Defendants for

ignoring Plaintiff's requests to resolve this outside the Court.

143)     Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney

and faith-based film producer.

144)     Defendants have violated several ordinances from both the Hawaii legislature and

the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of

the state or the elderly people who are bullied every single morning.

145)     Plaintiff reminds the Honorable Court that there are elderly residents in the Koko Kai Villas and surrounding homes around the golf course that are disturbed by this horrific noise.

146)     Defendants have completely IGNORED all requests for resolution and now waste the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an injunction placed as a deterrent to this continued behavior from noise terrorists on this beautiful island.

147)     The Hawaii State Department of Health defines maximum permissible sound levels in Hawaii for both day and night as follows:

- **conservation or residential zones – 55 decibels day, 45 decibels night;**
- apartments or businesses zones – 60 decibels day, 50 decibels night;
- agricultural or industrial zones – 70 decibels day, 70 decibels night.

148)     **The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by sound meters).**

149)     Furthermore, the gas and fumes emitted are also illegal.

150)     As a direct and proximate result of the wanton, reckless, and intentional conduct of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and enjoyment of their property, including but not limited to the following:

a.  Loss of the quiet use and enjoyment of their home;

b.  Anxiety and stress from the circumstances resulting from the noise intrusion by Defendant's operations;

c.  Being forced from their home to conduct regular business activities such as

phone calls, emails, prayers, or other home based business operations;

d. Being prevented from using their deck or outdoor space for any period of time

when gas-powered equipment is occurring due to unrelenting loud noise and

vibration;

e. Being subjected to constant vibrations of their home;

f. Being subjected to unrelenting noise pollution as depicted in the annexed video

and others like them;

g. Being subjected to days of unrelenting noise pollution seven days a week during

early morning and daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise

ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise

ordinances by Defendants, where Defendants clearly have no interest in complying

with local laws.

151)      As a direct and proximate result of the conduct of the Defendant, the Plaintiffs

have suffered persistent noise pollution of both the interior of their home and their

exterior yard. WHEREFORE, Plaintiffs respectfully request that the Court enter

judgment in their favor and against Defendant in an amount in excess of Seventy-Five

Thousand ($75,000) Dollars,

e.  together with costs, punitive damages and any other relief the Court deems

appropriate.

*152)* Plaintiff and his wife now have to move from the house they just moved into which is a total and complete nightmare. Plaintiff is owed at least $240,000 in damages for moving.

153) Plaintiff is a staunch leader in consumer advocacy.

*154)* Plaintiff is filing this case to protect innocent people from having to go through what he endured.

# COUNT 8
# FRAUD AND DECEIT

1) Plaintiff repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

2) This is a textbook case of fraud and deceit.

3) Defendants have deceived the surrounding communities and the Hawaii Police Department into believing they are not violating any ordinances.

4) They are.

5) Plaintiff is irreparably harmed and punitive damages are sought to prevent Defendants from taking advantage of the public's ignorance in hoping to have a wonderful Hawaii residential stay turn to a nightmare. Plaintiff seeks punitive damages for this cause of action.

155) Hawaii residents have reached the breaking point with noise pollution these days. They are extremely frustrated, lost, and angered. Noise pollution is the #1 problem facing all communities according to several polls. This case takes noise pollution to a new, horrific low. It is based on a true story. Plaintiff believes it's time to fight back in the

courts and prays for justice in the courts and in front of a fair jury and an honorable Judge.

156)    The EPA states that noise pollution adversely affects the lives of millions of people.

157)    *Studies have shown that there are direct links between noise and health. Problems related to noise include stress related illnesses, high blood pressure, speech interference, hearing loss, sleep disruption, and lost productivity.* Exposure to constant or high levels of noise can cause countless adverse health effects.

11) Defendant's decision to persist in causing this continuing nuisance at Plaintiffs' home constitutes a willful, reckless, careless, wanton and wholly intentional violation of the right of the Plaintiffs to the quiet use and enjoyment of their home. They were warned and scoffed at the laws and ordinances of Hawaii courts, the Hawaii Health Dept, and the Hawaii legislature.

**158)    Living in peace and quiet in the morning is a HUMAN RIGHT.**

159)    Defendants YHP Hospitality Group – based in California – and Defendant Hawaii Kai Golf Course have brazenly violated every conceivable noise pollution by starting their loud mowers at 5:50 am in complete violation of the laws and ordinances of the HRS.

**160)    Defendants do this every single morning. Without repentance. Without a single concern about the neighbors.**

161)    IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just the sounds of quiet wisps of wind – then suddenly at 6 am – **LOUD, EAR-SPLITTING noise** from the gas-powered lawn mowers and other equipment begin.

162)     Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April

30, 2022 with Officer Thom in District 7.

163)     Yet Defendants brazenly continued violating the laws.

164)     Plaintiffs have gun-smoking evidence of this in the form of videos taken and will

introduce them to the Court during discovery or during the Ex Parte hearings and

preliminary injunction and again asks the Court to SEVERELY sanction Defendants for

ignoring Plaintiff's requests to resolve this outside the Court.

165)     Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney

and faith-based film producer.

166)     Defendants have violated several ordinances from both the Hawaii legislature and

the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of

the state or the elderly people who are bullied every single morning.

167)     Plaintiff reminds the Honorable Court that there are elderly residents in the Koko

Kai Villas and surrounding homes around the golf course that are disturbed by this

horrific noise.

168)     Defendants have completely IGNORED all requests for resolution and now waste

the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an

injunction placed as a deterrent to this continued behavior from noise terrorists on this

beautiful island.

169)     The Hawaii State Department of Health defines maximum permissible sound

levels in Hawaii for both day and night as follows:

- **conservation or residential zones – 55 decibels day, 45 decibels night;**
- apartments or businesses zones – 60 decibels day, 50 decibels night;

- agricultural or industrial zones – 70 decibels day, 70 decibels night.

**170)** **The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by sound meters).**

171) <u>Furthermore, the gas and fumes emitted are also illegal.</u>

172) As a direct and proximate result of the wanton, reckless, and intentional conduct of the

Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and

enjoyment of their property, including but not limited to the following:

a. Loss of the quiet use and enjoyment of their home;

b. Anxiety and stress from the circumstances resulting from the noise intrusion by

Defendant's operations;

c. Being forced from their home to conduct regular business activities such as

phone calls, emails, prayers, or other home based business operations;

d. Being prevented from using their deck or outdoor space for any period of time

when gas-powered equipment is occurring due to unrelenting loud noise and

vibration;

e. Being subjected to constant vibrations of their home;

f. Being subjected to unrelenting noise pollution as depicted in the annexed video

and others like them;

g. Being subjected to days of unrelenting noise pollution seven days a week during

early morning and daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise

ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise

ordinances by Defendants, where Defendants clearly have no interest in complying

with local laws.

173) As a direct and proximate result of the conduct of the Defendant, the Plaintiffs

have suffered persistent noise pollution of both the interior of their home and their

exterior yard. WHEREFORE, Plaintiffs respectfully request that the Court enter

judgment in their favor and against Defendant in an amount in excess of Seventy-Five

Thousand ($75,000) Dollars,

f. together with costs, punitive damages and any other relief the Court deems

appropriate.

174) Plaintiff and his wife now have to move from the house they just moved into

which is a total and complete nightmare. Plaintiff is owed at least $240,000 in damages

for moving.

175) Plaintiff is a staunch leader in consumer advocacy.

176) Plaintiff is filing this case to protect innocent people from having to go through

what he endured.

# COUNT 9
## INTENTIONAL CIVIL AIDING AND ABETTING

177) Plaintiff repeats and realleges each and every allegation contained in paragraphs

above as if fully set forth herein.

178) A person or company who aids and abets the commission of a crime when he or

she: [¶] (1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With

the intent or purpose of committing or encouraging or facilitating the commission of the

crime, and [¶] (3) By act or advice aids, promotes, encourages or instigates the

commission of the crime. [¶] A person who aids and abets the commission of a crime.

179)      It is clear Defendants know they are breaking the law.

180)      Plaintiff have suffered harm from this nuisance while exercising the right

common to the general public, in the form of:

      a. The right to clean air and quiet in the morning, and the preservation of the

      natural, scenic, historic and aesthetic values of the environment under the Hawaii

      Health code/manual

    g.  the right to exclusive possession and use of their property.

181)      Plaintiffs suffered harm of a kind different from that suffered by other members

of the

public, in the form of:

      a. interference with the use and enjoyment of their Property due to the existence

      of the noise pollution and gas emissions, and its migration into their home due to

      Defendant's failure to properly respond to and remediate the noise pollution.

    a.  Defendant's aforementioned acts and omissions were committed in wanton,

      reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

182)      Plaintiffs were significantly exposed to known and proven hazardous noise

pollution through the acts and omissions of Defendants.

183)      WHEREFORE, Plaintiffs demand judgment of liability against Defendant,

compensatory damages for personal injury, compensatory damages for harms to real and

personal property, compensatory damages for diminution in property value, punitive

damages, costs of litigation including but not limited to attorneys fees, engineering fees,

expert witness fees, and interest and delay damages, and any other relief the Court deems

appropriate.

184)      Plaintiff also seeks an emergency TRO /Preliminary injunction to prevent

Defendant from continuing to disrupt Plaintiff's quiet enjoyment of his house.

# COUNT 10
# CIVIL CONSPIRACY

185)      Plaintiff repeats and realleges each and every allegation contained in paragraphs

above as if fully set forth herein.

186)      A conspiracy claim consists of (1) a combination of two or more persons acting

with a common purpose to do an unlawful act or to do a lawful act by unlawful means or

for an unlawful purpose; (2) an overt act done in pursuance of common purpose; and (3)

actual legal damage;

187)      Plaintiffs believe and allege that Defendant's refusal to obey the law and

dismissal of Plaintiff's concerns is one of several acts of conspiracy.

188)      Plaintiffs are innocent victims who now must move from their home if the Court

does not issue a TRO/Injunction. They are also the victims of careless, mean-spirited,

vicious, and unprofessional conduct by Defendants.

189)      As a result of Defendant willful illegal conduct, and gross negligence, Defendants

caused Plaintiff to be exposed to LOUD NOISE at 6 am and harmful air and bacteria

particles further causing Plaintiffs to suffer risk of, or actual, physical injuries and

immense, incalculable mental anguish.

# COUNT 11
# VIOLATION OF THE QUIET ENJOYMENT
# STATUTE

190)     Plaintiff repeats and realleges each and every allegation contained in paragraphs

above as if fully set forth herein.

191)     The covenant of Quiet Enjoyment statute in Hawaii (HI Rev Stat § 521-3 (2013))

includes: 1) A reasonable expectation of peace, quiet, and solitude; 2) Freedom from

disturbances such as loud noises, fire, smoke and other nuisances

192)     It is apparent that Defendants have completely violated (HI Rev Stat § 521-3

(2013) by refusing to take precautions against the early-morning nosie and by refusing to

hear and ignore Plaintiff's concerns in a timely manner.

193)     The outrageous conduct of Defendants in breaking the law is unprecedented and

cannot be tolerated and makes a mockery of Hawaii leadership and the Courts.

*194)*     As a result of Defendant's willful illegal conduct, and gross negligence,

Defendants further caused Plaintiff to be exposed to LOUD AND HARMFUL NOISE,

harmful air and bacteria particles further causing Plaintiff to suffer risk of, or actual,

physical injuries and immense, incalculable mental anguish.

*195)*     Plaintiff requests the court to expedite discovery at all ends and set a trial date for

early-2023.

# COUNT 12
## BREACH OF DUTY OF CARE

196)     Plaintiff repeats and realleges each and every allegation contained in paragraphs

above as if fully set forth herein.

197)     The negligent acts of Defendant averred herein resulted in noise pollution of the

Plaintiffs Property and into Plaintiffs' house.

198)     <u>Defendants clearly breached the duty of care owed to the surrounding</u>

<u>neighborhood filled with elderly citizens who don't deserve this horrific elder abuse.</u>

199)     Defendant's aforesaid acts and or omissions were committed in wanton, reckless

and outrageous disregard for the rights, safety and health of Plaintiffs, in light of the fact

that Defendant was repeatedly placed on notice, repeatedly fined, and repeatedly

persisted in its activities despite repeated findings that it had violated the law.

200)     Plaintiffs were exposed to hazardous noise pollution at concentrations above

applicable state and/or local standards, through the acts and or omissions of Defendant.

201)     Defendants YHP Hospitality Group – based in California – and Defendant Hawaii

Kai Golf Course have brazenly violated every conceivable noise pollution by starting

their loud mowers at 5:50 am to 6:45 am in complete violation of the laws and ordinances

of the HRS, Hawaii Dept. of Health, the Hawaii Constitution, and the Honorable Hawaii

court decisions.

**202)     <u>Defendants do this every single morning. Without repentance. Without a</u>**

**<u>single concern about the neighbors.</u>**

203)     IMAGINE: the beauty and quiet of a peaceful morning in beautiful Hawaii – just

the sounds of quiet wisps of wind – then suddenly at 6 am – **<u>LOUD, EAR-SPLITTING</u>**

**<u>noise</u>** from the gas-powered lawn mowers and other equipment begin.

204)     Plaintiff filed a police report (22-168342) at the Hawaii Kai Golf Course on April

30, 2022 with Officer Thom in District 7.

205)     Yet Defendants brazenly continued violating the laws.

206)     Plaintiffs have gun-smoking evidence of this in the form of videos taken and will

introduce them to the Court during discovery or during the Ex Parte hearings and

preliminary injunction and again asks the Court to SEVERELY sanction Defendants for

ignoring Plaintiff's requests to resolve this outside the Court.

207)      Plaintiff is a Harvard and USC alumnus. He is a distinguished litigation attorney

and faith-based film producer.

208)      Defendants have violated several ordinances from both the Hawaii legislature and

the Honorable Hawaii Courts – i.e., they're scofflaws and have no respect for the laws of

the state or the elderly people who are bullied every single morning.

209)      Plaintiff reminds the Honorable Court that there are elderly residents in the Koko

Kai Villas and surrounding homes around the golf course that are disturbed by this

horrific noise.

210)      Defendants have completely IGNORED all requests for resolution and now waste

the Honorable Court's time with this lawsuit. Defendants must be sanctioned and an

injunction placed as a deterrent to this continued behavior from noise terrorists on this

beautiful island.

211)      The Hawaii State Department of Health defines maximum permissible sound

levels in Hawaii for both day and night as follows:

- **conservation or residential zones – 55 decibels day, 45 decibels night;**

- apartments or businesses zones – 60 decibels day, 50 decibels night;

- agricultural or industrial zones – 70 decibels day, 70 decibels night.

**212)      The Defendant's noise pollution at 5:50 am is over 115 decibels (tested by**

**sound meters).**

213)      Furthermore, the gas and fumes emitted are also illegal.

Chey vs. YHB Hospitality Group - 38

214)     Regarding pollution control, the Hawaii State Constitution, Article XI, Sec. 9,

Environmental Rights, says in part, "<u>Each person has the right to a clean and healthful</u>

<u>environment, as defined by laws relating to environmental quality, including control of</u>

<u>pollution</u> ... " Hawaii Revised Statutes, §342F-3, says in part, " ... the director (of the

DOH) shall prevent, control, and abate noise pollution in the State."

215)     As a direct and proximate result of the wanton, reckless, and intentional conduct

of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and

enjoyment of their property, including but not limited to the following:

a.   Loss of the quiet use and enjoyment of their home;

b.   Anxiety and stress from the circumstances resulting from the noise intrusion by

Defendant's operations;

c.   Being forced from their home to conduct regular business activities such as

phone calls, emails, prayers, or other home based business operations;

d. Being prevented from using their deck or outdoor space for any period of time

when gas-powered equipment is occurring due to unrelenting loud noise and

vibration;

e. Being subjected to constant vibrations of their home;

f. Being subjected to unrelenting noise pollution as depicted in the annexed video

and others like them;

g. Being subjected to days of unrelenting noise pollution seven days a week during

early morning and daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise

ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise ordinances by Defendants, where Defendants clearly have no interest in complying with local laws.

*216)*   Plaintiff and his wife now have to move from the house they just moved into which is a total and complete nightmare.

217)   Defendant's aforesaid acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

218)   WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any further relief the Court deems appropriate.

## COUNT 13
## VIOLATION OF RICO STATUTE

219)   Plaintiffs repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

220)   Defendants, collectively, are an enterprise that is engaged in interstate commerce within the United States through the internet presence on the worldwide web and through their criminal activities of actively violating the noise ordinances. Defendants are funded with money that include proceeds from these illegal activities. Plaintiff believes, after discovery, that Defendants operates these criminal activities in more than one golf course.

221)   Defendants have engaged in a pattern of illegal activity in that they have engaged in multiple financial transactions with the knowledge that the transactions were designed to conceal the true nature of having violated every noise ordinance in Hawaii and making

a mockery of every single Hawaii Court and the Hawaii legislature and the Hawaii Health Department's edicts. Plaintiffs will unearth the complex schemes through intensive discovery and will file motions to compel with extreme sanctions for any discovery that is perjurous or withheld.

222)     Plaintiff asks the Honorable Court for $100,000 a day in sanctions for every answer not forthcoming.

223)     Despite the complete and total unprofessional conduct, Defendants have used the proceeds of their illicit activities to fund their enterprise in direct violation of the RICO statute.

224)     Plaintiffs have been enormously injured by these violations. Their unprofessional and outrageous conduct is only steps removed from criminal. Plaintiffs may also file a criminal complaint with the U.S. Attorney's Office. The amount of the resulting damages will be proven during discovery and during the trial.

## COUNT 14
## WRIT OF ATTACHMENT

225)     Plaintiffs repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

226)     Plaintiffs will be seeking an Ex Parte Writ of Attachment against Defendant's business, personal houses, personal bank accounts, cars, boats, and any and all personal assets based on HRS that allows the Plaintiffs within a lawsuit to seek a "prejudgment writ of attachment" by which it can freeze certain assets of a debtor/defendant.

227)     Certain criteria must be met by the creditor for it to succeed in obtaining a prejudgment writ of attachment:

1
2          -      The underlying claim by the Plaintiffs must be based upon a oral or written contract;
3          -      The Plaintiffs must show the "probable validity" of the claim against the defendant;
4
5   and
6
7          -      The defendant must be a business;
8
9   Plaintiffs is informed and believes that the prejudgment writ of attachment is valid in this
10
11  case, all of the elements and requirements proved by a preponderance of the evidence, and
12
13  will seek an immediate writ by this Court after the suit commences.
14
15  350. This includes freezing any assets and future assets until the final outcome and/or
16
17  Plaintiffs prevails.
18
19  351. Plaintiffs requests any and all assets  moved to family members or outside the United
20
21         States be frozen from May 2022.
22
23  **352.** If Plaintiffs prevails at trial, he will seek a garnishment from any business Defendants
24
25  try to start because they will obviously try to file for bankruptcy. Plaintiffs will file an
26
27  Adversary Proceeding blocking any attempt to file for bankruptcy and any new business
28
will owe the judgment to the Plaintiffs regardless of the name.

# COUNT 15:
# PRELIMINARY INJUNCTION

228)      Plaintiffs repeats and realleges each and every allegation contained in paragraphs

above as if fully set forth herein.

**229)**      Plaintiffs ask the Court to:

1) **Immediately stop any and all noise on the golf course until 8 am**

2) **Stop the daily noise and only allow them to garden every other day or once a week;**

3) **Freeze all assets of Defendants**

Chey vs. YHB Hospitality Group - 42

4) **Stop all illegal gas-powered equipment**

# COUNT 16
# PUNITIVE DAMAGES

132. Plaintiffs restate and incorporate the preceding paragraphs as though fully
set forth herein.

133. The misconduct of Defendants individually and collectively, warrants
the imposition of punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and
severally, as follows:

a. For such special damages as will be proven at trial;

b. For treble damages;

c. General damages: the amount of general damages is within the minimum
jurisdictional limits of this Court; Punitive and exemplary damages against Defendants.

e. For prejudgment interest at the statutory rate from May 15, 2019 until
judgment is entered;

f. For attorneys' fees and costs of suit; and

g. For such other relief as this Court may deem just and equitable.

# DAMAGES

134. Plaintiffs restate and incorporate the preceding paragraphs as though fully
set forth herein.

135. The misconduct of DEFENDANTS, individually and collectively, was a substantial factor in Plaintiffs experiencing extreme conscious pain and extreme suffering in both the noise and air pollution.

136. The misconduct of Defendants, individually and collectively, is a substantial factor in Plaintiffs losing the enjoyment of life he would have experienced in the future; sustaining and incurring a loss of earnings and loss of future excess earnings, loss of benefits and loss of future benefits, funeral and burial expenses, loss of enjoyment of life and other special and general damages.

137. The misconduct of Defendants, individually and collectively, is a substantial factor in Plaintiff's sustaining non-economic damages as described in H.R.S. § 663-8.5 and damages described in H.R.S. § 663-3.

138. Plaintiffs seeks all damages available by law, including but not limited to property damage, subject to those claims presented at the time of trial.

139. Plaintiffs have experienced great worry and distress as a result of DEFENDANTS' failure to accept full responsibility for his harms and losses.

DATED: May 3, 2022

BY _____

TA Chey, Esq (in Pro Se/Pro Per)

Attorney At Law

Chey vs. YHB Hospitality Group - 44