IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TA CHEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>YHB HOSPITALITY GROUP, INC.,<br>HAWAII KAI GOLF COURSE, *et al.*,<br><br>          Defendants. | Case No. 22-cv-00204-DKW-WRP<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

On May 3, 2022, Plaintiff TA Chey (Chey or Plaintiff), an alleged resident of Hawaiʻi, filed a Complaint against, among others, YHB Hospitality Group, Inc. (YHB) and Hawaiʻi Kai Golf Course (HKGC). Although Chey's claims are varied and numerous, they essentially concern alleged "noise pollution" from the operation of "loud" lawn mowers and other equipment at roughly 6:00 a.m. emanating from the golf course. Dkt. No. 1. At the same time, Plaintiff also filed a "Motion for TRO/Preliminary Injunction" (TRO Motion). Dkt. No. 2. In the TRO Motion, Plaintiff seeks an order enjoining Defendants from using the aforementioned equipment at HKGC until after 8:00 a.m.

At this early juncture, there is at least one glaring problem with the Complaint−Plaintiff alleges that this Court has subject matter jurisdiction over this case solely on the basis of diversity pursuant to 28 U.S.C. Section 1332. Chey

alleges in support of this assertion that he "is a resident of the state of Hawaii" and

"*one* of the Defendants is a California Corporation."   Dkt. No. 1 at ¶ 2 (emphasis

added).   However, it is hornbook law that diversity, for federal jurisdictional

purposes, means *complete* diversity, which, in turn, means every plaintiff must be

diverse from every defendant.[1]   This is something Plaintiff cannot establish, given

that the Complaint acknowledges that Plaintiff and at least one of the Defendants

(HKGC) are both Hawaiʻi residents.   As a result, the Court DISMISSES the

Complaint for lack of subject matter jurisdiction.   Dismissal is, however, without

prejudice in order to afford Plaintiff with an opportunity to correct any errors in his

jurisdictionally-related facts or to allege a jurisdictional basis for this case other than

diversity.   Because the Complaint has been dismissed, the TRO Motion is DENIED

AS MOOT.

## LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction

is in the public interest."   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008).[2]

---

[1]While Plaintiff is proceeding pro se in this action, he asserts that he is a member of the California Bar.   Dkt. No. 1 at 1.
[2]The standards for a temporary restraining order and a preliminary injunction are substantially the

Before issuing any injunction, particularly *ex parte*, it is axiomatic that this

Court must satisfy itself that subject matter jurisdiction exists.   *See Arbaugh v.*

*Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that subject matter jurisdiction

"involves a court's power to hear a case" and a court has an independent obligation

to determine whether such jurisdiction exists) (quotation and citation omitted);

*Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1490-91 (9th Cir.

1990) (affirming a district court's decision to dissolve a temporary restraining order

when the court lacked subject matter jurisdiction); *Zepeda v. U.S. Immigration &*

*Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue

an injunction if it has personal jurisdiction over the parties and subject matter

jurisdiction over the claim…."); *Wielgos v. Idaho Bd. of Land Comm'rs*, 2016 WL

3640609, at *3 (D. Idaho June 29, 2016) ("Clearly, a district court may not grant a

preliminary injunction if it lacks subject matter jurisdiction over the case before it.").

Here, Plaintiff alleges that the Court has subject matter jurisdiction on the

basis of diversity.[3]   A federal district court possesses diversity jurisdiction over

actions between parties of diverse citizenship which exceed $75,000 in controversy.

*Arbaugh*, 546 U.S. at 513.   Diverse citizenship means complete diversity.   In other

---

same.   *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20.

[3]Plaintiff also asserts that subject matter jurisdiction exists under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events of this case occurred within Hawai'i.   Dkt. No. 1 at ¶ 1. Section 1391, however, is a *venue* provision—it has nothing to do with subject matter jurisdiction. *See Eldee-K Rental Properties, LLC v. DIRECTV, Inc.*, 748 F.3d 943, 949 (9th Cir. 2014) ("Venue and subject matter jurisdiction are distinct concepts….").

words, "where the citizenship of each plaintiff is different from that of each

defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

## DISCUSSION

In the Complaint, Plaintiff does not even attempt to allege that complete

diversity exists in this case.   Instead, he tacitly acknowledges it does not by alleging

that while he is a resident of Hawaii, only "one of the Defendants is a California

Corporation."   Dkt. No. 1 at ¶ 2.[4]   As mentioned, the fact that one of the

Defendants may be of diverse citizenship is of little significance given that *all* of the

defendants must be diverse.   In other words, because Plaintiff alleges that he is a

resident and presumably a citizen of Hawaiʻi, *all* of the Defendants must be from

States *other than* Hawaiʻi.   Plaintiff cannot allege this, given that one of the

Defendants is a golf course located in Hawaiʻi and therefore presumably a citizen of

Hawaiʻi.   The Complaint must thus be DISMISSED.

Nonetheless, because Plaintiff is proceeding pro se and to allow him a further

opportunity to allege subject matter jurisdiction, dismissal is WITHOUT

PREJUDICE and with leave to amend.   Specifically, in any amended complaint

Plaintiff may file, he must clearly allege a basis for subject matter jurisdiction *other*

*than diversity* or allege facts on which the above principles of diversity have been

satisfied.   **Plaintiff may have until May 18, 2022 to file an amended complaint**

---

[4]It appears that Defendant YHB is the "California Corporation" to which Plaintiff refers.   *See* Dkt. No. 1 at ¶ 13.

**that complies with the instructions herein.   Should Plaintiff fail to do so, he is forewarned that this case will be dismissed for lack of subject matter jurisdiction.**

## CONCLUSION

For the reasons set forth herein, the Complaint is DISMISSED.   Because the Complaint has been dismissed, the TRO Motion, Dkt. No. 2, is DENIED AS MOOT.

Plaintiff may have until May 18, 2022 to file an amended complaint, if any.

IT IS SO ORDERED.

Dated: May 4, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge